UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUSTIN E. MCGUIRE,

    Plaintiff,

    v.     CAUSE NO. 3:23-CV-446-JD-JPK

ALYSSA WELDON, et al.,

    Defendants.

OPINION AND ORDER

Dustin E. McGuire, a prisoner without a lawyer, filed a civil rights complaint. (ECF 5.) Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. McGuire is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. McGuire is incarcerated at Indiana State Prison (ISP). He alleges that in late December 2022, he was having a problem with his knee that prevented him from walking. He claims he was given a "lay in" pass by medical staff, meaning he was

excused from leaving his cell. He claims medical staff instructed him not to engage in any physical activity other than to go the medical unit.

During this period, he claims he could not walk to the prison cafeteria to get meals. He claims he repeatedly asked Sergeant Alyssa Weldon, Sergeant Richard Arnold, Sergeant Donald Teague, and Sergeant A. Lee to bring him meal trays, but they refused. Sergeant Weldon allegedly told him, "I don't care!" Sergeant Lee allegedly made a comment "about that being too much work." Sergeant Arnold allegedly told him to "man up," and Sergeant Teague simply brushed off his concerns. He claims that between December 28, 2022, and January 10, 2023, he missed 39 meals, causing him to lose 20 pounds, feel dizzy, and experience hunger pains. He claims his only means of getting food during this period was to "ask random offenders to try to bring [him] back bread or veggies off their tray." Based on these events, he seeks monetary damages against the four officers.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). "[T]he Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), but inmates are entitled to adequate food to meet their nutritional needs. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). In determining whether the denial of food amounts to a constitutional violation, "a court must assess the amount and duration of the deprivation." *Reed v.*

2

*McBride*, 178 F.3d 849, 853 (7th Cir. 1999). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. McGuire alleges that he was denied a substantial number of meals during a two-week period, causing him to lose 20 pounds and feel physical symptoms. Giving him the inferences to which he is entitled, he satisfies the objective prong at this stage. *Gillis*, 468 F.3d at 493. On the subjective prong, he claims that he spoke several times with all four of the defendants about his inability to walk to the cafeteria and his need for food trays, but they allegedly did nothing to help him. Instead, they allegedly brushed off his concerns, told him to "man up," or that they did not care about his problem. He will be permitted to proceed against the defendants on a claim for damages under the Eighth Amendment. *Reed*, 178 F.3d at 855 (where inmate complained about serious deprivations but was ignored, he described a "prototypical case of deliberate indifference"); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) (inmate adequately stated claim for deliberate indifference where he alleged defendants knew about a "serious" problem and "did nothing about it in the face of his repeated requests").

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sergeant Alyssa Weldon, Sergeant Richard Arnold, Sergeant Donald Teague, and Sergeant A. Lee in their personal capacity for monetary damages for deliberate indifference to his need for

adequate food from December 2022 to January 2023 in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Alyssa Weldon, Sergeant Richard Arnold, Sergeant Donald Teague, and Sergeant A. Lee and to send them a copy of this order and the complaint (ECF 5) pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Alyssa Weldon, Sergeant Richard Arnold, Sergeant Donald Teague, and Sergeant A. Lee only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 12, 2023

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT