UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUSTIN E. MCGUIRE,

      Plaintiff,

      v.                                      CAUSE NO. 3:23-CV-446

ALYSSA WELDON, *et al.*,

      Defendants.

## OPINION AND ORDER

This matter is before the court on the Motion to Alter or Amend Judgment [DE 161] filed by the plaintiff, Dustin E. McGuire, on December 27, 2024.[1] McGuire moves the court for reconsideration of its order granting summary judgment in favor of the defendants. [DE 158]. McGuire filed this lawsuit against various correctional officers alleging they were deliberately indifferent for declining to deliver his meals to him in his cellhouse during the time he was prescribed a "lay-in" and instead requiring him to ambulate with crutches to the dining hall to collect his own meals. [DE 1]. The court granted summary judgment in favor of the defendants because the undisputed facts showed they reasonably deferred to the decision of McGuire's medical providers that McGuire could ambulate with crutches to the dining hall to collect his own meals. [DE 158]. Specifically, the court found it was undisputed that "pursuant to the orders of medical staff, McGuire was meant to ambulate with crutches to the dining hall to

---

[1] McGuire filed this timely motion twenty-two days after the court entered judgment in this case. *See* Fed. R. Civ. P. 59(b) ("A motion for a new trial must be filed no later than 28 days after the entry of judgment.").

receive his meals during the time he was prescribed a 'lay-in.'" *Id.* at 6.[2] The court noted that no medical provider ever ordered that McGuire needed any accommodation to receive his meals, and there was no evidence McGuire was physically incapable of ambulating to the dining hall to obtain his own meals. *Id*. Based on this evidence, the court concluded the defendants were entitled to defer to the decision of McGuire's medical providers that he could ambulate with crutches to the dining hall to collect his own meals. *Id.*; *see Burks v. Raemisch,* 555 F.3d 592, 596 (7th Cir. 2009) ("A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference"); *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) ("If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.").

In his motion for reconsideration, McGuire argues the defendants were deliberately indifferent for requiring him to obtain his own meals from the dining hall because the fact that he was prescribed a "medical lay-in" by his medical providers indicated that correctional staff should have delivered his food trays to him in his cellhouse. [DE 161]. But McGuire provides no new evidence supporting this assertion. *See Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."). As discussed in the court's summary judgment order, McGuire's medical records state explicitly that he should "Lay in from

---

[2] McGuire's medical records stated explicitly that he should "Lay in from job for 2 weeks" while "using crutches to ambulate." [DE 136-1 at 37].

2

job for 2 weeks" while "using crutches to ambulate," and do not contain any instruction or indication that correctional staff should deliver his meals to him in his cellhouse. [DE 136-1 at 37; DE 158 at 6]. In light of this evidence, McGuire's mere speculation that the phrase "medical lay-in" indicated his meals should be delivered to him in his cellhouse is insufficient to show the defendants were deliberately indifferent for requiring him to obtain his own meals from the dining hall. McGuire argues he made unsuccessful discovery requests to obtain documents that would have shown the applicable procedures for a "medical lay-in," but this is not a valid basis for reconsideration.[3] *See Taylor v. Buss*, No. 3:21-CV-852-PPS-AZ, 2024 WL 3874461, at *5 (N.D. Ind. Aug. 20, 2024) ("to survive summary judgment [the plaintiff] cannot merely speculate as to what the evidence should show, but rather must 'marshal and present' that evidence to the court"); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (noting that "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion").

Because McGuire does not provide any valid basis for reconsideration, his motion [DE 161] is **DENIED**.

ENTERED this 30th day of April, 2025.

/s/ Andrew P. Rodovich
United States Magistrate Judge

---

[3] McGuire requested through discovery "any and all policies, directives, or instructions on medical job lay in." [DE 58 at 1]. He then filed a motion to compel the production of these documents. [DE 104 at 2]. The defendants responded that "neither the Indiana State Prison nor the Indiana Department of Correction has a written policy responsive to the Plaintiff's request." [DE 113 at 4-5]. The court denied McGuire's motion to compel, noting it could not require the defendants to produce evidence that did not exist. [DE 114 at 3].