UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUSTIN E. MCGUIRE,

        Plaintiff,

        v.                                                       CAUSE NO. 3:23-CV-446

ALYSSA WELDON, *et al.*,

        Defendants.

**OPINION AND ORDER**

This matter is before the court on the Second Motion to Alter or Amend

Judgment [DE 167] filed by the plaintiff, Dustin E. McGuire, on May 9, 2025. McGuire, a

prisoner without a lawyer, has filed a second motion for reconsideration from this

court's Order granting summary judgment in favor of the defendants. [*See* DE 158].

McGuire filed this lawsuit against various correctional officers alleging they were

deliberately indifferent for declining to deliver his meals to him in his cellhouse during

the time he was prescribed a "lay-in" and instead requiring him to ambulate with

crutches to the dining hall to collect his own meals. [DE 1]. The court granted summary

judgment in favor of the defendants because the undisputed facts showed they

reasonably deferred to the decision of McGuire's medical providers that McGuire could

ambulate with crutches to the dining hall to collect his own meals. [DE 158].

Specifically, the court found it was undisputed that "pursuant to the orders of medical

staff, McGuire was meant to ambulate with crutches to the dining hall to receive his

meals during the time he was prescribed a 'lay-in.'" *Id.* at 6.[1] The court noted that

McGuire's medical providers would have admitted him into the medical dorm if they

had believed he had been unable to collect his own meals, and that no medical provider

ever ordered that McGuire be admitted into the medical dorm or provided any other

accommodation to receive his meals. *Id.* The court also noted there was no evidence

McGuire was physically incapable of ambulating to the dining hall to collect his own

meals. *Id.* Based on this evidence, the court concluded the defendants were entitled to

defer to the decision of McGuire's medical providers that he could ambulate with

crutches to the dining hall to collect his own meals. *Id.*; *see Burks v. Raemisch*, 555 F.3d

592, 596 (7th Cir. 2009) ("A layperson's failure to tell the medical staff how to do its job

cannot be called deliberate indifference"); *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir.

2005) ("If a prisoner is under the care of medical experts a non-medical prison official

will generally be justified in believing that the prisoner is in capable hands.").

In his first motion for reconsideration [DE 161], McGuire argued the defendants

were deliberately indifferent for requiring him to obtain his own meals from the dining

hall because the fact his medical providers prescribed him a "medical lay-in," rather

than a "job lay-in," indicated correctional staff should have delivered his food trays to

him in his cellhouse. [DE 161]. The court denied this motion because McGuire provided

no evidence supporting his assertion. [DE 166]. The court noted McGuire's medical

records explicitly stated he should "Lay in from job for 2 weeks" while "using crutches

---

[1] McGuire's medical records stated explicitly that he should "Lay in from job for 2 weeks" while "using crutches to ambulate." [DE 136-1 at 37].

to ambulate," and concluded McGuire's mere speculation that the phrase "medical lay-in" indicated his meals should be delivered to him in his cellhouse was insufficient to show the defendants were deliberately indifferent for requiring him to obtain his own meals from the dining hall. *See id.*

In his second motion for reconsideration [DE 167], McGuire argues he now has evidence showing that the fact his medical providers prescribed him a "medical lay-in" rather than a "job lay-in" indicated that correctional staff should have delivered his food trays to him in his cellhouse. Specifically, McGuire provides an e-mail thread between several prison employees discussing his request to have his meals delivered to him in his cellhouse. [DE 167-1 at 1]. In the e-mail thread, Alisha Winn asks Major Wardlow: "I have offender McGuire who is on medical lay-in and wants trays brought to him. Last I know they do not get fed on unit, they still have to go to the PDR." *Id.* Major Wardlow responds: "This is correct medical lay-in is for work not chow. If medical thinks he can't go to chow they usually will assign him to G-Dorm." *Id.* Here, this e-mail chain provided by McGuire refutes, rather than supports, his assertion that the fact he was prescribed a "medical lay-in" meant his trays should be brought to him in his cellhouse. Specifically, Major Wardlow states in his e-mail response that an inmate on "medical lay-in" should collect his own food trays from the dining hall, and that medical staff would have moved McGuire into the medical dorm if they had believed he was incapable of collecting his own food trays. *See id.* This is consistent with the facts relied upon by the court in its summary judgment order. [*See* DE 158 at 6

3

(noting McGuire's medical providers would have admitted him into the medical dorm if they had believed he was incapable of collecting his own meals)].

Accordingly, because the new evidence McGuire provides refutes, rather than supports, his position, and McGuire does not otherwise show any error with the court's order granting summary judgment in favor of the defendants, McGuire's second motion for reconsideration must be denied. *See Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.").

Because McGuire does not provide any valid basis for reconsidering the court's Order granting summary judgment in favor of the defendants, his Second Motion to Alter or Amend Judgment [DE 167] is **DENIED**.

Pursuant to Federal Rule of Civil Procedure 11(c)(3), sanctions will be imposed against McGuire if he files any additional motions challenging the Order granting summary judgment.

ENTERED this 23rd day of October, 2025.

/s/ Andrew P. Rodovich
United States Magistrate Judge

4